NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250872-U

NO. 4-25-0872

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 9, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Greene County |
| ETHAN T. SEATON, | ) | No. 24CF95 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Zachary A. Schmidt, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding the trial court appropriately considered the harm of child pornography as an aggravating factor and did not impose an excessive sentence.

¶ 2     In April 2025, defendant, Ethan T. Seaton, pleaded guilty to two counts of possessing child pornography (720 ILCS 5/11-20.1(a)(6) (West 2024)). Following a sentencing hearing, the trial court imposed two consecutive terms of five years' imprisonment. On appeal, defendant argues the sentence imposed was excessive because the court improperly considered a factor inherent in the offense and failed to adequately consider mitigating evidence. We disagree and affirm.

¶ 3                          I. BACKGROUND

¶ 4     In September 2024, defendant was charged by information with two counts of disseminating child pornography (*id.* § 11-20.1(a)(2)) and two counts of possessing child

pornography (*id.* § 11-20.1(a)(6)).

¶ 5    In April 2025, defendant entered an open guilty plea. Pursuant to the plea agreement, the State dismissed the disseminating-child-pornography charges and defendant pleaded guilty to both counts of possessing child pornography. The factual basis showed the National Center for Missing and Exploited Children received a tip from Instagram that suspected child pornography materials had been uploaded to its website in March 2024. Investigator Larry Rayburn pursued the tip and discovered the Instagram account belonged to defendant. Two files had been sent to another individual from defendant's account. In September 2024, police executed a search warrant on defendant's home. Defendant admitted the Instagram account and associated e-mail address belonged to him and were under his complete control. The trial court accepted defendant's plea as knowing and voluntary. A presentence investigation report (PSI) was ordered, and the matter was continued for a sentencing hearing.

¶ 6    The sentencing hearing occurred in June 2025. The PSI was admitted into evidence without any notable additions or corrections. The PSI showed defendant's criminal history included only a traffic citation for driving on a suspended license in May 2023, for which he had received court supervision. The PSI also showed defendant reported being molested by his mother's boyfriend when he was five or six years old and that he was subjected to physical violence by his father. He moved numerous times, causing him to transfer schools and fall behind. He subsequently dropped out of school as a junior in January 2022. He worked several different jobs for short periods of time but remained unemployed at the time of the PSI. He reported undergoing a psychiatric evaluation in October 2024 and was prescribed medication to treat depression. He reported using marijuana multiple times a week when he became " 'real emotional.' "

¶ 7 Attached to the report was a letter from defendant's great aunt describing defendant as polite. A letter from Sarah Javaux stated she was defendant's "step-mom." She said defendant was emotionally affected after being rejected by his mother and had experienced a "pretty rough childhood." She also said she relied on defendant due to her disability and that he had matured significantly since being charged. Lastly, a letter from his grandmother stated that defendant was helpful and committed to bettering himself. The PSI stated defendant could be rehabilitated. The author recommended probation, no unsupervised contact with minors, sex offender treatment, and a mental health evaluation.

¶ 8 Rayburn testified he investigated the suspected child pornography reported by Instagram. In support of his testimony, several exhibits were admitted, without objection. The first exhibit showed a text conversation between defendant and another Instagram user discussing sexual intercourse with a minor. A second exhibit showed a text conversation between defendant and the same user discussing forced sexual acts on a 13-year-old child. A third exhibit showed another text conversation, wherein an image was sent by defendant to another user. The image was described as depicting a female who was 8 to 10 years old and naked with her legs spread apart, thereby exposing her genitals. A video file was also sent by defendant. Rayburn said the video was approximately one minute long and depicted a naked female, six to seven years old, being forced to perform oral sex. Defendant admitted to Rayburn he had downloaded and sent the child pornography described above.

¶ 9 On cross-examination, Rayburn conceded there was no evidence defendant had performed any of the sexual acts discussed in the text messages. He said defendant had told him the text messages were " 'make believe,' " similar to role playing.

¶ 10 Defendant called Javaux to testify on his behalf. Javaux said she had been dating

defendant's father and had known defendant for over five years. She stated defendant made a "huge mistake" and was not a threat to anyone. She described assisting defendant with sex offender treatment and said she could be a resource for him to continue his treatment if he were to receive probation.

¶ 11　　　　Following arguments from the parties, defendant made a statement in allocution, wherein he apologized for the "big mistake" he made and professed to better himself.

¶ 12　　　　The trial court considered the evidence, the PSI, defendant's statement, and arguments from the parties. The court described defendant as an "active participant," who sought out child pornography on multiple occasions. The court said defendant's active participation needed to be discouraged to deter him and others from the same conduct. The court said the child pornography images were easily acquired by defendant, and his actions caused and threatened serious harm to the individual minors depicted. Specifically, the court noted defendant's behavior had helped create a market for the explicit content. The court said it had considered defendant's lack of criminal history, his sex offender evaluation, which indicated he was unlikely to reoffend, and his troubled upbringing. The court found imprisonment was necessary to protect the public, as probation would deprecate the seriousness of his conduct and would be inconsistent with the ends of justice. The court sentenced defendant to 5 years' imprisonment on each count, for an aggregate 10-year sentence.

¶ 13　　　　Defendant subsequently filed a motion to reconsider his sentence as excessive. Following a hearing, the trial court denied defendant's motion. The court noted it was "shocked" to discover "how openly and how intentionally *** defendant sought the child pornography." The court said any sentence of probation would have substantially deprecated the seriousness of defendant's offenses.

¶ 14    This appeal followed.

¶ 15                    II. ANALYSIS

¶ 16    On appeal, defendant argues his aggregate 10-year sentence was excessive as greatly at variance with the spirit and purpose of the law and because it failed to adequately account for his rehabilitative potential. He contends the trial court abused its discretion by (1) considering harm as a factor in aggravation because it was inherent in the offense and (2) failing to adequately consider the substantial evidence in mitigation. We address each claim in turn.

¶ 17    Defendant's first contention is premised on the argument the legislature already accounted for the harm caused by possessing child pornography. Therefore, when the trial court found defendant had caused or threatened serious harm by possessing child pornography, it impermissibly determined harm was an aggravating factor. Essentially, defendant argues his sentence was double enhanced.

¶ 18    "A double enhancement occurs when (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence *** or (2) the same factor is used twice to elevate the severity of the offense itself." (Internal quotation marks omitted.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 66. "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22. The defendant bears the burden to affirmatively establish the sentence imposed was based on an improper factor. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 103. A sentence will not be reversed unless it is evident the trial court relied upon an improper factor. *Id.* "Whether the trial court relied upon an

improper factor at sentencing is a question of law reviewed *de novo*." *Id.*

¶ 19    Here, defendant pleaded guilty to possessing child pornography, the elements of which were (1) defendant, with the knowledge of the nature thereof, possessed a photograph or depiction by computer file of a child who he knew or reasonably should have known to be under the age of 13 and (2) that such child was (a) depicted in a pose involving a lewd exhibition of the unclothed genitals and (b) actually or by simulation engaged in an act of sexual contact involving the mouth of the child and the sex organ of another. See 720 ILCS 5/11-20.1(a)(6) (West 2024).

¶ 20    We disagree with defendant's contention the trial court improperly considered the harm inherent within the offense of child pornography. To be clear, "[h]arm is not an element of any child pornography offense." *People v. Barth*, 2025 IL App (4th) 240817-U, ¶ 49. Therefore, the trial court was permitted to consider whether defendant's conduct had caused or threatened serious harm. *Id.* Additionally, child pornography causes harm to the children it victimizes. *People v. Lamborn*, 185 Ill. 2d 585, 588-89 (1999). Therefore, we find the trial court did not improperly consider a factor inherent within the offense when sentencing defendant.

¶ 21    Defendant next argues the trial court failed to consider the substantial mitigating evidence in this case. He then recites the mitigating evidence presented to the court at the sentencing hearing.

¶ 22    "The legislature sets forth by statute the range of permissible sentences for each class of criminal offense." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). A reviewing court affords great deference to a trial court's sentencing judgment because, "having observed the defendant and the proceedings, [it] is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits than a reviewing court, which must rely on a 'cold' record." *People v. Little*, 2011 IL App (4th)

090787, ¶ 24. A sentence that falls within the applicable statutory limits is reviewed for an abuse of discretion. *People v. Price*, 2011 IL App (4th) 100311, ¶ 36. "A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20 (quoting *Fern*, 189 Ill. 2d at 54).

¶ 23        As we noted earlier, defendant pleaded guilty to two counts of possessing child pornography (720 ILCS 5/11-20.1(a)(6) (West 2024)). The images depicted a child under the age of 13, thereby making each offense a Class 2 felony subject to a term of imprisonment of three to seven years. *id.* § 11-20.1(c-5); 730 ILCS 5/5-4.5-35(a) (West 2024). While defendant was eligible for probation, any prison sentence imposed for each offense was mandatorily consecutive. 730 ILCS 5/5-8-4(d)(2.5) (West 2024). Defendant was sentenced to 5 years for each offense, resulting in his aggregate 10-year sentence. Because defendant's sentence was within the permissible range, we begin with the presumption the sentence was proper. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 24        Where mitigating evidence is presented to the trial court, it is presumed to have considered it. *People v. McDonald*, 322 Ill. App. 3d 244, 251 (2001). Additionally, "that presumption will not be overcome without explicit evidence from the record that the *** court did not consider mitigating factors." *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). Here, defendant does not argue the court ignored the mitigating evidence; rather, he contends the court failed to give the mitigating evidence adequate weight when imposing sentence. His relief sought is to have this court either remand the matter for resentencing or exercise our authority to impose the minimum three-year sentence for each offense available at law. We disagree.

¶ 25        Defendant received a midrange sentence. The record shows the trial court

appropriately considered both factors in aggravation and mitigation. A court is not required to afford greater weight to mitigating factors than to the severity of the offense. *People v. Alexander*, 239 Ill. 2d 205, 214 (2010); see *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002) (noting the seriousness of the offense is the most important sentencing factor). Nor does the presence of mitigating factors require a minimum sentence. *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55. Possessing child pornography is a very serious offense. Ultimately, the court was in a better position to observe defendant's conduct and weigh the need for a harsher sentence than the minimum. Accordingly, we find defendant's sentence was not excessive and, thus, not an abuse of discretion.

¶ 26                                III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.